UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDON FAVOR,<br><br>    Petitioner,<br><br> v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, *et al.*,<br><br>    Respondents. | Case No. 3:20-cv-00469-MMD-CLB<br><br>ORDER |

  Petitioner Brandon Favor, a California state inmate, has filed a *pro se* petition for writ of *habeas corpus* (ECF No. 1-1 ("Petition")). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Petition is dismissed without prejudice for lack of jurisdiction.

**I. BACKGROUND**

  Petitioner initiated this case in August 2020. He challenges a 2008 conviction and sentence of life without the possibility of parole imposed by the Superior Court of California in Los Angeles County. (ECF No. 1-1 at 78-85.) Petitioner did not pay the $5.00 habeas filing fee or file an application to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

  Docket records of both the United States District Courts and Courts of Appeal show that Petitioner has filed 83 habeas cases and 87 civil rights cases in federal district courts across the country and appealed 24 adverse decisions to the Courts of Appeal for the Second and Ninth Circuits.[2] Attached to the Petition is an order entered by the United

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] In addition to the materials attached to the Petition, the Court takes judicial notice of the online docket records of the United States District Courts and Courts of Appeal, which may be accessed by the public online at www.pacer.gov. Petitioner has filed

1 States District Court for Central District of California indicating Petitioner has been
2 declared a vexatious litigant. (ECF No. 1-1 at 10 (attaching an order in *Favor v. State of*
3 *California*, Case No. 2:17-cv-04583-JGB-JEM (C.D. Cal. June 28, 2017)).) Federal district
4 courts have also dismissed at least three of Petitioner's civil actions as frivolous,
5 malicious, or failing to state a claim upon which relief may be granted.[3] Accordingly, courts
6 have informed Petitioner that he is ineligible for IFP status under 28 U.S.C. § 1915(g)
7 unless he is in imminent danger of serious physical injury.[4]

## II.     DISCUSSION

A state inmate may challenge his or her state conviction or sentence in a federal petition for writ of *habeas corpus* alleging he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court cannot grant habeas relief where the petition plainly shows the petitioner is not entitled to such relief. *See* 28 U.S.C. § 2243. The court conducts an initial review of each petition and orders a response unless it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (citing Habeas Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition")). Thus, a "petition is expected to state facts that point to a real possibility of constitutional error." Habeas Rule 4 Advisory Committee's Note to 1976 Amendment (citation and internal quotation marks omitted). Any petition that is patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects may be dismissed summarily. *See Boyd v.*

---

actions under the surnames "Favor" and "Favor-El."

[3]*See Favor-El v. Rome*, Case No. 1:15-cv-01865-LJO-EPG (E.D. Cal. Nov. 22, 2016) (dismissing for failure to state a claim); *Favor v. State of California*, Case No. 2:16-cv-02870-JGB-JEM (C.D. Cal. May 2, 2016) (dismissing as frivolous, malicious, and for failure to state a claim); *Favor-El v. United States*, Case No. 2:15-cv-01448-GEB-AC (E.D. Cal. Oct. 22, 2015) (dismissing as frivolous).

[4]*E.g.*, *Favor v. Corcoran State Prison*, Case No. 1:19-cv-1325-JLO-BAM (E.D. Cal. 2019) (dismissing case for failure to pay filing fee and stating that Petitioner was ineligible for IFP status and his IFP application should be denied); *Favor v. Monae*, Case No. 1:19-cv-0081-LJO-SKO (E.D. Cal. 2017) (dismissing case for failure to pay filing fee and stating Petitioner was ineligible for IFP status and his IFP application should be denied).

*Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Habeas Rule 4 ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face")).

Federal courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). The court "is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act." *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017-18 (D. Nev. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). "Federal courts have authority to grant writs of habeas corpus 'within their respective jurisdictions'." *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) (quoting 28 U.S.C. § 2241). A district court must have personal jurisdiction over a petitioner's custodian to proceed with a habeas action. *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 495 (1973). When a petitioner names a respondent outside of the district court's territorial limits, the court lacks personal jurisdiction over that respondent. *See Malone*, 165 F.3d at 1237.

The Petition is subject to multiple defects. First, Petitioner did not pay the $5.00 habeas filing fee. Judicial records show Petitioner is ineligible for IFP status and the Petition does not allege or show Petitioner meets the imminent danger exception under 28 U.S.C. § 1915(g). Second, Petitioner has not properly named a California official or agency as a respondent. The Petition names the "People of the State of California" as respondent, rather than the warden of the corrections facility where Petitioner is housed or a state official at the California Department of Corrections. Third, this Court lacks personal jurisdiction over the "People of the State of California" as well as any state officer or official from the California Department of Corrections. Fourth, this Court is an improper venue. In habeas actions, venue is proper in both the judicial district in which the petitioner was convicted and where he or she is currently in custody. *See* 28 U.S.C. § 2241(d). Petitioner was convicted in California and is currently incarcerated there—not in Nevada.
///

1  Lastly, summary dismissal is warranted because the Petition (ECF No. 1-1) plainly shows Petitioner is not entitled to habeas relief. *See Hendricks*, 908 F.2d at 491 (quotes, brackets, and citations omitted) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory or palpably incredible, or patently frivolous or false."). Here, the Petition consists of 160 pages of confused and unfocused rambling, and any grounds for relief asserted therein are deficient. Attached to the Petition are multiple state and federal court orders, filings, and appellate briefs from Petitioner's criminal, civil rights, and habeas cases, California docket records, a complaint to the State Bar of California, and a probation officer's report.

Moreover, Petitioner does not explain how these attachments relate to his current allegations. Petitioner alleges a single claim for relief, stating: "person forced to expand legal explanation to foresee indictment as caused amending claims with reasonable legal background nonauthority set upon Favor to redress direct appeal legal errors by court record police information to arrest persons causing criminal mischief." (ECF No. 1-1 at 2.) Yet this and Petitioner's other contentions are facially deficient. They lack any reference to a specific federal constitutional guarantee or cognizable legal basis or are full of legal conclusions and unnecessary case citations. *See In re Hunter*, 1995 WL 261459, at *2 (N.D. Cal. 1995) (dismissing a habeas petition that was "a dense and impenetrable mass of verbiage."). The Petition is vague, unorganized, partly illegible, and largely incoherent. As such, summary dismissal is appropriate.[5]

---

[5]The Court has considered and declines to transfer this habeas action to any other federal district court. *See* 28 U.S.C. § 1631 (authorizing a district court lacking jurisdiction to transfer a habeas petition to another district court with jurisdiction "if it is in the interest of justice"). It does not appear dismissal will materially impact analysis of the limitation period in a promptly filed new action or otherwise cause substantial prejudice. Petitioner has filed dozens of federal habeas cases challenging his 2008 California conviction and appealed numerous adverse decisions to the Second and Ninth Circuits, all to no avail. Moreover, it is not clear which California federal district court, if any, would have jurisdiction over the Petition. Given the number of habeas actions Petitiner has previously litigated, the Petition is likely successive under 28 U.S.C. § 2244. Petitioner makes no allegation or showing he has Ninth Circuit authorization to file a successive petition, nor do docket records reflect he obtained such authorization. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). Accordingly, it is not in the interest of justice to transfer this habeas action.

### III.     CONCLUSION

It is therefore ordered that this action is dismissed without prejudice for lack of jurisdiction.

It is further ordered that Petitioner is denied a certificate of appealability as jurists of reason would not find the dismissal on jurisdictional grounds to be debatable or wrong.

It is further ordered that Petitioner's pending motions (ECF Nos. 3, 4) are denied as moot.

The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents. No response is required from Respondents other than to respond to any orders of a reviewing court.

Under Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is further directed to file the Petition (ECF No. 1-1) and informally serve the Nevada Attorney General with the Petition and this order by sending a notice of electronic filing to the Nevada Attorney General's office.

The Clerk of Court is further directed to enter judgment accordingly, dismissing this action without prejudice, and close this case.

DATED THIS 30th Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE